**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01418-WJM-KMT

MARK PAVLOVIC, and
KRISTIN PAVLOVIC,

    Plaintiffs,

v.

GALISO, INC., a Colorado Corporation, and
CHARLES GRENCI,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AND DENYING
DEFENDANTS' MOTION TO DISMISS**

---

Mark and Kristin Pavlovic ("Plaintiffs") bring this action against Galiso, Inc. and Charles Grenci ("Defendants") arising out of Plaintiffs' former employment with Defendants. (ECF No. 1.)  Before the Court are the following motions:  (1) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 32); and (2) Plaintiffs' Motion to Strike Defendants' Reply (ECF No. 52).  For the reasons set forth below, Defendants' Motion to Dismiss is denied and Plaintiffs' Motion to Strike is granted.

**I.  MOTION TO STRIKE**

Plaintiffs move to strike Defendants' Reply brief to the Motion to Dismiss.  (ECF No. 52.)  Local Rule 7.1(C) allows a moving party to file a reply within fourteen days after the date of the response brief.  Plaintiffs filed their opposition to the Motion to

Dismiss on January 9, 2012. (ECF No. 41.) Defendants did not file their Reply until February 10, 2012. (ECF No. 51.) Therefore, the Reply brief was untimely by more than two weeks.

In their Response to the Motion to Strike, Defendants state that they waited to file their reply until after they received the discovery they requested regarding Plaintiffs' residency. (ECF No. 56.) According to Defendants, they did not receive such discovery until February 7, 2012. (*Id*.)

The Court finds that Defendants' explanation for their late filing does not establish good cause to excuse the untimeliness of their Reply to the Motion to Dismiss. Defendants could have requested an extension of time to file their Reply, in advance of the deadline, and explained that they were waiting on Plaintiffs' discovery responses. They also could have sought to stay briefing on the Motion to Dismiss until after the discovery had been received. Defendants also could have filed a motion requesting that the Court accept the late filing at the time it was filed. They did none of these things. Defendants simply filed their reply brief more than two weeks after the deadline and forced Plaintiffs to file this Motion to Strike.

The Court cannot permit counsel to ignore deadlines in this manner. Accordingly, Plaintiffs' Motion to Strike (ECF No. 52) is granted. Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 51) is stricken. The Court will not consider the Reply brief or the evidence attached thereto in evaluating the merits of the Motion to Dismiss.

## II. MOTION TO DISMISS

### A. Legal Standard

Defendants' Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), which empowers the Court to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case; rather, it calls for a determination of whether the court has authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id*.

**B.     Analysis**

A federal court has original jurisdiction over any action where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Plaintiffs' Complaint states:

> This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship. The Pavlovics are citizens of the state of California. Galiso is a corporation organized under the laws of the State of Colorado and it is in Colorado where Galiso's officers direct, control and coordinate the company's activities. Grenci is a citizen of the State of Colorado. The amount in controversy exceeds $75,000.

(Compl. ¶ 2.) In the Motion, Defendants do not dispute Plaintiffs' contentions as to the amount in controversy or the fact that both Defendants are both citizens of Colorado. Defendants only challenge Plaintiffs' contention that they (the PavloAugust 17, 2012vics) were citizens of California at the relevant time. (ECF No. 32 at 2.)

The Supreme Court's "well-established rule" is that "diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). This action was filed on June 3, 2011. (ECF No. 1.) The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Thus, Plaintiffs bear the burden of showing that they were domiciled in California as of June 3, 2011.

"For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). "To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Id.*

4

The parties do not dispute that, at the time this action was commenced, Plaintiffs resided in California. The only dispute is to whether Plaintiffs have met their burden of showing that they intended to remain in California indefinitely.

A district court may, but is not required to, give credence to statements by a party about his intentions to remain in one state as opposed to another. *Crowley*, 710 F.2d at 678 ("Such statements are of course self-serving, but such does not mean that they must be discarded by the trier of the facts, who, on the contrary, may choose to give credence to them."); *see also Johnston v. Cordell Nat'l Bank*, 421 F.2d 1310, 1312 (10th Cir. 1970) ("[D]eclarations of intention to establish residence in a particular place are entitled to great weight, but should be viewed in light of any motive."). In opposition to the Motion, Plaintiffs submitted sworn affidavits stating that they left Colorado in March 2011 and moved to California with the intent to remain there. (ECF No. 43-1 ¶ 4; 43-4 ¶ 4.) However, the "[m]ere mental fixing of citizenship is not sufficient. What is in another man's mind must be determined by what he does as well as by what he says." *See Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966). Therefore, the Court must review the objective evidence submitted by the parties to determine whether it supports or undermines Plaintiffs' assertion that they intended to remain in California indefinitely.

In March 2011, Plaintiffs opened bank accounts in California and had their mail forwarded to California. (ECF No. 43-1 ¶ 7; ECF No. 43-4 ¶ 9.) Plaintiffs obtained new wireless phones with California phone numbers in April 2011. (*Id*. ¶ 8.) On May 22, 2011, Plaintiffs entered into a year-long lease to rent a house in California. (ECF No. 43-2.) Perhaps most significantly, in April 2011, Plaintiffs established a wine exporting

5

business that works with California wineries and is based in California.  (ECF No. 43-4 ¶ 10.)  Plaintiffs have not returned to Colorado since they left in March 2011.  (ECF No. 43-1 ¶ 14; 43-4 ¶ 14.)  The Court finds that this evidence supports Plaintiffs' assertion that they intended to remain in California indefinitely.

Defendants contend that, at the time this action was filed, Plaintiffs' vehicle was still registered and insured in Colorado and that Plaintiffs were still registered to vote in Colorado.  (ECF No. 32 at 2-3.)  Plaintiffs explain that their Colorado vehicle registration did not expire until the end of June 2011 and that, upon their arrival in California, they did not have the money to have their vehicle smog-checked, which is a prerequisite to registering it in California.  (ECF No. 43-4 ¶ 15.)  Plaintiffs state that they registered to vote when they obtained their California driver's licenses and/or identification cards and that there was no reason to do so earlier because there was no upcoming election.  (*Id*. ¶ 16.)  The Court finds that Plaintiffs have adequately explained the reasons for their actions, and the evidence offered by Defendants does not rebut Plaintiffs' assertion that they resided in and intended to remain in California.

Defendants also contend that Plaintiffs' vehicle insurance, unemployment benefits, and tax filings show that Plaintiffs had not established their domicile in California at the time this action was commenced.  (ECF No. 32 at 3-4.)  The Court notes that there is nothing unusual or improper about receiving unemployment benefits from the state in which one was last employed.  The Court is also unsurprised that Plaintiffs filed a 2011 tax return in Colorado because they resided in Colorado during part of 2011.

Overall, the Court finds that Plaintiffs have offered a sufficient explanation for still

having some connections with Colorado at the time this action was commenced. Defendants would have the Court find that Plaintiffs were still domiciled in Colorado simply because Plaintiffs had not yet completed all of the administrative hurdles that accompany relocating. The Court declines to do so.

The key inquiry here is where—as of June 3, 2011—Plaintiffs' resided and had an intent to remain. *Crowley*, 710 F.2d at 678. Having reviewed the totality of the evidence submitted by the parties in conjunction with the Motion, the Court finds that Plaintiffs have met their burden of showing that they were domiciled in California as of June 3, 2011.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Strike (ECF No. 52) is GRANTED;

2. Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 51) is STRICKEN; and

3. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 32) is DENIED.

Dated this 17th day of August, 2012.

BY THE COURT:

William J. Martinez
United States District Judge